**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Jamie Yohn,<br><br>Plaintiff,<br>vs.<br><br>All Good Industries, LLC; Taco Boy Summerville, LLC; Taco Boy Dos, LLC; Taco Boy Dos, Inc.; and Folly Tacqueria LLC,<br><br>Defendants. | C/A No.: 2:23-cv-00647-BHH<br><br>**AMENDED COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiff, complaining of Defendants, and would respectfully show unto this Honorable Court as follows:

**NATURE OF THE ACTION**

1. Plaintiff Jamie Yohn ("Plaintiff") brings this action for injunctive relief and damages caused by Defendants' violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.,* the South Carolina Bill of Rights for Handicapped Persons, S.C. Code Ann. § 43-33-510, *et seq*., negligence, and intentional infliction of emotional distress.

2. This action arises out of Defendants' discrimination against Plaintiff as a person with a disability under the ADA and failure to provide reasonable accommodations for Plaintiff's disability.

**PARTIES, JURISIDICTION, & VENUE**

3. Plaintiff Jamie Yohn is an individual residing in Charleston County, South Carolina.

4. Plaintiff is an individual with disabilities as defined by the ADA.

5. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

6. Plaintiff uses a wheelchair for mobility purposes.

7. Defendant All Good Industries, LLC is a corporation which was organized in the State of South Carolina, is licensed to do business in this state, is located in Charleston County, and owns and/or controls Defendants Taco Boy Dos, LLC and Taco Boy Dos, Inc.

8. Defendants Taco Boy Dos, LLC, Taco Boy Dos, Inc., and Folly Tacqueria LLC are corporations organized and existing under the laws of the State of South Carolina, and whose primary locations are in Charleston County.

9. This Court has subject matter jurisdiction to hear this matter based upon 28 U.S.C. § 1331 (Federal Question Jurisdiction) and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

10. Venue is proper in this judicial district under 28 U.S.C. § 1391, because the Defendants are located and conduct business in Charleston County, South Carolina, and Plaintiff's injuries occurred in Charleston County, South Carolina.

11. A complaint regarding this matter was filed with the Disability Rights Section under the Civil Rights Division of the United States Department of Justice (Complaint No.: 22DRS-10).

12. Plaintiff has exhausted her administrative remedies.

13. The Court has subject matter jurisdiction and personal jurisdiction in this matter.

## FACTUAL ALLEGATIONS

14. Plaintiff has been wheelchair bound for over eight years due to a spinal injury caused by a car accident.

15. On June 20, 2022, Plaintiff and her cousin Kira Raph made plans to dine at the Taco Boy restaurant located at 106 Front Street, Summerville, South Carolina 29486.

16. Prior to visiting Taco Boy, Plaintiff's cousin called to confirm that there would be wheelchair accessible seating and bathrooms available. Taco Boy staff confirmed the restaurant was wheelchair accessible.

17. On June 26, 2022, Plaintiff and her cousin arrived at Taco Boy, only to be informed that all handicapped-accessible, low-level seating had been removed to make room for a cornhole tournament. This meant that the only available seating was high top bar stools or low seating accessible only by stairs, neither of which would accommodate Plaintiff and her wheelchair.

18. When Plaintiff asked the hostess about her dining options, she was told she could order takeaway food or leave due to the absence of accessible seating.

19. The patrons behind Plaintiff and her party were provided seating or given wait times, but Plaintiff was only given a takeaway menu.

20. Greatly embarrassed, but not wanting to cause a scene, Plaintiff and her party proceeded to order to-go food.

21. Upon eating the food at home, they discovered a piece of metal in their food.

22. Upon information and belief, Taco Boy could have easily located and made seating to accommodate Plaintiff and her party; however, this did not happen.

23. Plaintiff subsequently called and spoke with the restaurant manager about the restaurant's lack of handicapped accessibility and accommodations and her concerns regarding the piece of metal they found in the food.

24. Plaintiff was offered a free meal by the manager to compensate for her troubles and to "make right" the piece of metal in the food, discrimination, and lack of accommodations for Plaintiff's disabilities.

25. Plaintiff did not accept this offer for a free meal from the manager of Taco Boy; however, she did ask that the costs of the takeout meal be refunded due to the piece of metal.

26. The manager agreed to issue the refund, but Plaintiff was never refunded.

27. Since the date of the initial discrimination, Plaintiff's cousin has filed a formal complaint with the Disability Rights Section of the Civil Rights Division of the United States Department of Justice ("USDOJ").

28. On September 19, 2022, Plaintiff received a letter from the USDOJ in receipt of the complaint.

29. On October 25, 2022, Plaintiff visited the Taco Boy restaurant again.

30. Plaintiff asked for one of the low tables in the greenhouse area—the only area in the restaurant with handicap accessible tables. Taco Boy staff informed Plaintiff that the restaurant was not seating in the greenhouse area, as it had been rented for a private party.

31. When Plaintiff spoke to the manager, he stated that he would need to "ask for permission" from the customers who had rented the area to see if they would allow Plaintiff to sit at one of the wheelchair accessible tables.

32. Plaintiff asked the manager to proceed with making the humiliating request of the party who had rented the greenhouse as she felt it was her only option.

33. Defendants willfully put Plaintiff in an embarrassing and humiliating situation because they did not have appropriate accommodations to meet the needs her disability required.

34. Plaintiff watched as the manager went over to speak with the waiter who was serving the party in the greenhouse. She could clearly see the look of disgust on the waiter's face and continued to watch as the conversation turned into what appeared to be an argument. This also caught the attention of other patrons in the greenhouse for the private party.

35. Ultimately, Plaintiff was allowed to enter the greenhouse, but did not stay long, as she was mortified, stared at, and most definitely unwelcome.

36. Plaintiff has visited other Taco Boy locations with hopes they were more accommodating; however, this wrongful conduct appears to be a common practice at the establishment's multiple locations.

37. Upon information and belief, the other Taco Boy locations, including Folly Beach, South Carolina, and Charleston, South Carolina do not have handicapped accessible bathrooms or ramps/elevators/lifts to access the establishment. These locations have inadequately spaced tables which would not allow for a motorized wheelchair to pass between them. The Charleston location only has one handicapped parking spot, which is not van accessible.

**FOR A FIRST CAUSE OF ACTION**

Violation of Title III of the Americans with Disabilities Act, 42 U.S.C § 12181, *et seq.* – Discrimination Based upon Disability

38. Plaintiff repeats and realleges each and every allegation of the foregoing paragraphs as if restated herein verbatim.

39. Plaintiff has a disability and impairment within the meaning of the ADA.

40. Defendants regarded Plaintiff as having such a disability or impairment.

41. Defendants have more than 14 employees.

42. Plaintiff requested reasonable accommodations from Defendants.

43. Defendants denied Plaintiff reasonable accommodations.

44. Defendants discriminated against Plaintiff for her disability in violation of the ADA by treating her differently than the other patrons and denying her service based on her disability.

45. Defendants subjected Plaintiff to unduly harsh treatment and singled her out due to her disability.

46. These violations made it impossible for Plaintiff, as a wheelchair user, to experience the same access to the goods, services, facilities, privileges, advantages, and accommodations of Taco Boy as Defendants' able-bodied patrons.

47. As a direct result and consequence of Defendants' actions which violated the ADA, Plaintiff has suffered damages including but not limited to punitive damages, attorney's fees, costs, and actual damages for humiliation, harm to reputation, emotional distress, and physical exhaustion.

**FOR A SECOND CAUSE OF ACTION**

Violation of Title III of the Americans with Disabilities Act, 42 U.S.C § 12181, *et seq.* – Failure to Accommodate

48. Plaintiff repeats and realleges each and every allegation of the foregoing paragraphs as if restated herein verbatim.

49. Plaintiff has a disability and impairment within the meaning of the ADA.

50. Defendants regarded Plaintiff as having such a disability or impairment.

51. Plaintiff requested reasonable accommodations from Defendants.

52. Defendants denied Plaintiff reasonable accommodations.

53. The ADA places a duty on restaurants to provide reasonable accommodations for patrons with disabilities.

54. Defendants' actions in refusing to accommodate Plaintiff has caused Plaintiff emotional distress.

55. Defendants' wrongful conduct made it impossible for Plaintiff, as a wheelchair user, to experience the same access to the goods, services, facilities, privileges, advantages, and accommodations of Taco Boy as Defendants' able-bodied patrons.

56. As a direct result and consequence of Defendants' actions, which violated the ADA, Plaintiff suffered damages including but not limited to punitive damages, attorney's fees, costs, actual damages for humiliation, harm to reputation, emotional distress, and physical exhaustion.

**FOR A THIRD CAUSE OF ACTION**

Violation of South Carolina Bill of Rights for Handicapped Persons, S.C. Code Ann. § 43-33-510, *et seq.*

57. Plaintiff repeats and realleges each and every allegation of the foregoing paragraphs as if restated herein verbatim.

58. The South Carolina Bill of Rights for Handicapped Persons guarantees the opportunity to "full and equal use of public accommodations . . . without discrimination because of a handicap," S.C. Code Ann. § 43-33-520, and prohibits discrimination "against a handicapped person with respect to public accommodation, public services, or housing without reasonable justification[,]" S.C. Code Ann. § 43-33-530.

59. Plaintiff is "a handicapped person" as defined by the South Carolina Bill of Rights for Handicapped Persons. S.C. Code Ann. § 43-33-560.

60. Defendants discriminated against Plaintiff for her disability in violation of South Carolina law by taking away her opportunity for full and equal use of their restaurant because of her handicap.

61. As a direct result and consequence of Defendants' unlawful conduct, Plaintiff has suffered damages including but not limited to punitive damages, attorney's fees, costs, and actual damages for humiliation, harm to reputation, emotional distress, and physical exhaustion.

**FOR A FOURTH CAUSE OF ACTION**

Negligence

62. Plaintiff repeats and realleges each and every allegation of the foregoing paragraphs as if restated herein verbatim.

63. Defendants had a duty to provide reasonable accommodations for Plaintiff's disability.

64. Defendants breached this duty by refusing Plaintiff's request for accommodations and discriminating against her based on her disability.

65. As a direct and proximate result of the Defendants' negligent, careless, grossly negligent, willful, wanton, reckless, and/or unlawful acts, Plaintiff suffered extensive suffering, mental anguish and discomfort and suffered such other actual, consequential, and/or special damages as may be learned during discovery or at the trial of this matter.

**FOR A FIFTH CAUSE OF ACTION**
Intentional Infliction of Emotional Distress

66. Plaintiff repeats and realleges each and every allegation of the foregoing paragraphs as if restated herein verbatim.

67. Defendants' conduct in attempting to bar Plaintiff from dining in their restaurant, then publicly embarrassing Plaintiff by asking other patrons' permission to allow Plaintiff to sit in wheelchair accessible seating was intentional and proximately caused Plaintiff to suffer severe humiliation, mental anguish, and emotional and physical distress.

68. As such, Defendants intentionally or recklessly inflicted severe emotional distress or were certain or substantially certain that such distress would result from their conduct.

69. The conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

70. Defendants' actions caused Plaintiff to suffer emotional distress that was so severe that no reasonable person could be expected to endure it.

71. As a direct and proximate result of the Defendants' conduct, Plaintiff suffered mental anguish and discomfort and suffered such other actual, consequential, and/or special damages as may be learned during discovery or at the trial of this matter.

**WHEREFORE**, having fully set forth her allegations against Defendants, Plaintiff respectfully requests that this action be tried by a jury and prays that judgment be awarded against Defendants as follows:

A. Enjoin Defendants from subjecting patrons to discrimination and harassment based on disability;

B. Order Defendants to develop and implement appropriate and effective measures designed to prevent discrimination and harassment, including but not limited to, policies and training for employees and managers;

C. Order Defendants to develop appropriate and effective measures to receive complaints of discrimination, harassment, and retaliation as well as a process for investigating such complaints;

D. Award actual and punitive damages to Plaintiff to fully compensate her for her injuries caused by Defendants' discriminatory, harassing, and retaliatory conduct;

E. Grant Plaintiff her reasonable attorney's fees and costs; and,

F. Award such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

[*Signature on following page.*]

Respectfully submitted,

s/ Kathleen M. McDaniel

Kathleen M. McDaniel (Fed. Bar No.: 10139)
Annie Day Bame (Fed. Bar No.: 13363)
BURNETTE SHUTT & MCDANIEL, PA
Post Office Box 1929
Columbia, South Carolina 29202
Tel. (803) 904-7913
Fax (803) 904-7910
KMcDaniel@BurnetteShutt.Law
ABame@BurnetteShutt.Law

**ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina

February 21, 2023